Andrés Pol Serrano y su esposa Zulema Rodríguez, demandantes y apelantes, *v.* Matías Suau Ballester, sustituído por su tutor Bernardo Juan Ballester, demandado y apelado.

No. 6302.—*Sometido:* Abril 18, 1934. *Resuelto:* Febrero 28, 1935.

*Leopoldo Mercader,* abogado de los apelantes; *José D. Rodríguez,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Andrés Pol Serrano y Zulema Rodríguez, marido y mujer, iniciaron un procedimiento sobre inexistencia de contrato. Este último fué otorgado ante un notario el día 1º. de mayo de 1931 y su objetivo era la venta por parte de los demandantes al demandado, Matías Suau Ballester, de 229.22 cuerdas de terrenos rústicos situados en Lares. Los demandantes calcularon el valor del terreno en $40,000 y alegaron en la demanda con algunos detalles que nunca habían celebrado

contrato alguno o en forma alguna con el demandado tendente a enajenar dicha finca; que no existía causa en la escritura y que en realidad ninguna pasó; que los demandantes se hallaban en posesión de dicha finca y que el título a la misma seguía en poder de ellos. Luego de contestarse y de celebrarse el juicio la corte de distrito dictó sentencia en favor del demandado con fecha 21 de marzo de 1932.

Mientras apreciaba el conflicto de la prueba, la corte fundó su opinión en el hecho de que en consideración del traspaso el demandado convino en hacer varias cosas, entre ellas, asumir una hipoteca de $17,614.88, garantizada con la finca, pagar las contribuciones, pagar ciertas sumas que como jornales se adeudaban a obreros y asumir una deuda de $500 que Andrés Pol Serrano tenía con Enrique Pol. Al apreciar la prueba la corte halló que la preponderancia de ésta era resaltante en favor de Matías Suau; que los testigos de los demandantes eran miembros de la familia, o sea, la esposa, su hijo y su hijo político. La corte comentó la ausencia de Andrés Pol Serrano como testigo, siendo él dueño (*sic*) de la finca; que los testigos de los demandantes se contradijeron unos a otros. La conclusión a que se llegó fué que medió causa buena y suficiente y que no hubo simulación, fraude o irregularidad.

■ En la escritura se hace constar que el demandado adquiere la finca por la suma de $20,000, que es el importe de las cargas que pesan sobre la propiedad, y por tanto de su faz se desprende una causa (*consideration*) buena y definitiva.

■ El primer señalamiento de error lee como sigue:

"1. Al declarar que se concertó contrato de compraventa mediante el cual los demandantes prestaron válidamente su consentimiento para traspasar a Matías Suau Ballester las 229.22 cuerdas."

Hallamos que esto envuelve la apreciación de la prueba y nos reservamos discutir la cuestión.

Los señalamientos segundo y tercero leen como sigue:

"2. Al decidir que el aludido traspaso contenía una causa válida ya que, según la corte, hubo precio cierto y suficiente de acuerdo con el Código Civil, aunque la escritura No. 18 de 1°. de mayo de 1931 ante el notario Esteves no la expresara en absoluto.

"3. Al concluir que el demandado justificó la existencia de una consideración adecuada y justa al recibir de los demandantes la transmisión de las 229.22 cuerdas, a pesar de que la escritura indicada no mostró compensación alguna, sin que se probara razón por la cual no se hiciera constar así al otorgarse el susodicho instrumento público."

Los apelantes presentan un número de argumentos que no nos convencen. El asumir la hipoteca fué una causa absoluta para la enajenación y la aceptación de la escritura por Suau equivalió a tal asunción. En tanto en cuanto estos señalamientos no envuelven la discusión de la prueba, ellos no merecen que se haga un análisis o una diferenciación ulterior de las autoridades citadas por los apelantes.

Los señalamientos restantes leen así:

"4. Al resolver que en este caso existió una resaltante preponderancia de la evidencia en favor del demandado entre otras razones por el hecho de que los testigos de la parte actora fueran sus parientes y porque al acto de la vista no concurriera a declarar el anciano inconsciente Andrés Pol Serrano.

"5. Al concluir que los testigos de los demandantes fuesen cogidos en contradicciones, y contradichas sus afirmaciones por las del demandado.

"6. La corte recurrida cometió grave y manifiesto error en la apreciación de la evidencia y al declarar con lugar la demanda (sic) imponiendo, además, a los actores, indebidamente, el pago de las costas, desembolsos y honorarios de abogado."

El cuarto señalamiento se refiere a una pequeña parte del razonamiento de la corte que podría estar equivocado sin afectar el resultado. Cuando se imputa fraude a un demandado, el hecho de que los testigos que declararon fueron únicamente sus parientes, sería indudablemente una circunstancia. No es algo enteramente extraño resolver lo mismo, por

lo menos en parte, cuando todos los testigos están emparentados con la persona que imputa fraude.

La ausencia del juicio de Andrés Pol Serrano, el supuesto demandante principal, fué significativa. Convenimos con la corte inferior en que tal ausencia de la silla testifical no fué satisfactoriamente explicada. Es verdad que hubo prueba tendente a demostrar que en el momento en que se otorgó la escritura él no era una persona de sano juicio. La corte tuvo derecho a no creer este testimonio o que tal idiotez o algo similar existía al momento en que se celebró el juicio. Además, notamos que el pleito ha sido instituído a nombre de Andrés Pol Serrano y su esposa, lo que de por sí indicaba que él no necesitaba un tutor y que estaba capacitado para designar un letrado.

En lo que al quinto señalamiento se refiere, podría suceder que la corte estuviera equivocada al decir que la contradicción o las inconsistencias de los testigos de la parte demandante afectaron el resultado. Sin embargo, incumbía a los demandantes demostrar que la corte estuvo equivocada en su conclusión general en favor del demandado.

La teoría de los demandantes en parte fué que el demandado les llamó para que otorgaran cierta escritura o contrato y que involuntariamente firmaron otra cosa. No sólo la corte no lo creyó así, sino que no hallamos razón suficiente para que nos pronunciemos en contra del acto aparentemente deliberado de los demandantes. Tampoco hallamos razón para relevarles del pago de las costas.

*Debe confirmarse la sentencia apelada.*